**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FAIRWAY RESTAURANT EQUIPMENT CONTRACTING, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>KAKU MAKINO, JOON HO HA; DOE DEFENDANTS 1 through 10; and ROE ENTITIES 1 through 10,<br><br>        Defendants. | Case No. 2:13-cv-02155-JCM-NJK<br><br>**ORDER** |

Before the Court is Plaintiff's *Ex Parte* Motion to Extend Time for Service (Docket No. 11) and Motion for Leave to Serve by Publication (Docket No. 14), each of which was filed on March 21, 2014 . The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-2. For the reasons discussed below, the Motion to Extend Time for Service is hereby **GRANTED**. For the reasons discussed below, the Motion for Leave to Serve by Publication is hereby **DENIED** without prejudice.

**I.     BACKGROUND**

On November 21, 2013, Plaintiff Fairway Restaurant Equipment Contract, Inc. filed its Complaint in this Court. Docket No. 1. Central to Plaintiff's allegations in this case is the existence

of "a substantial debt" owed by Makino Premium Outlet LV, LLC ("Makino Premium")[1] to Plaintiff. *Id.* at 3.  Following a 2009 jury trial in Nevada State Court, Plaintiff obtained a judgment against Makino Premium. *Id.* at 4.  In the present matter, Plaintiff alleges that, as it was seeking to enforce this judgment, Defendant Makino and Defendant Ha (collectively, "Defendants") caused the assets of Makino Premium to be transferred to Defendants and others for the purpose of defrauding Plaintiff as Makino Premium's creditor. *Id.* at 3.

Despite multiple attempts at Defendant Makino's last-known address,[2] Plaintiff has not been able to complete service on Defendant Makino.[3]  Plaintiff has also not been able to complete service on Defendant Ha.  Plaintiff asserts that Defendant Ha "may be residing in Sherman Oaks, California[,]" but has not yet attempted service at this California address.[4]  *See* Docket No. 11, at 2-3.

### A.  Service Attempts on Defendant Makino

Plaintiff's first of twelve attempts at service on Defendant Makino took place on February 12, 2014, at his last-known address of 3736 Lindell Dr., Las Vegas, NV 89103. *See* Docket No. 11, at 16-17.  Upon attempting service, however, the process server was unable to locate Defendant Makino and, therefore, efforts to serve process on Defendant Makino failed. *Id.*  Thereafter, Plaintiff conducted additional database searches, including restricted access databases, Clark County public records searches, Nevada Justice Court and District Court records searches, and a search of the

---

[1] Makino Premium is a bankrupt nonparty to this action. *See* Compl. at 4.

[2] As provided by the Nevada Department of Motor Vehicles. *See* Docket No. 11, at 9.

[3] Plaintiff's Affidavit of Attempts does not demonstrate any service attempts at an address other than 3736 Lindell Drive, *see* Docket No. 11, at 16-17, despite Plaintiff's process server's statement in his Affidavit of Due Diligence that "attempts to serve the defendant at the last-known address[] ... of ... 4575 Dean Martin Dr., Las Vegas, NV 89103 were to no avail." Docket No. 11, at 11.

[4] Plaintiff states that it "will seek to serve Ha there before servicing by publication." *See* Docket No. 11, at 2-3.

Nevada Department of Motor Vehicles. *See* Docket No. 11, at 6-9. Those searches provided additional residential and business address information, including eight addresses associated with Defendant Makino, seven of which are located in Las Vegas. *Id*. There is no record that Plaintiff ever attempted to serve Defendant Makino at any of these other addresses. *See, e.g.*, Docket No. 11, at 16-17.

### B. Service Attempts on Defendant Ha

Plaintiff's first of three attempts at service on Defendant Ha took place on February 12, 2014, at 3736 Lindell Dr., Las Vegas, NV 89103.[5] *See* Docket No. 11, at 19. Upon attempting service, however, the process server was unable to locate Defendant Ha, and, therefore, efforts to serve process on Defendant Ha failed. *Id*. Thereafter, Plaintiff conducted additional database searches, including restricted access databases, Clark County public records searches, Nevada Justice Court and District Court records searches, a search of the Nevada Department of Motor Vehicles, and a national database search. *See* Docket No. 11, at 12-14. The national database search provided a possible current address for Defendant Ha of 4533 Vista Del Monte Ave., #102, Sherman Oaks, CA 91403. *Id*. at 13. Plaintiff concedes that it has not yet attempted service on Defendant Ha at this California address. *See* Docket No. 11, at 3, 14.

## II. DISCUSSION

### A. Extending Service Period

Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be served within 120 days after a complaint is filed. Fed. R. Civ. P. 4(m). The rule also provides that if service is not timely made, the Court "must dismiss the action without prejudice against that

---

[5] None of the records searches performed on Defendant Ha indicates any association with the Lindell Drive property. *See* Docket No. 11, at 12-14. Instead, the national database search performed by Plaintiff's process server indicates a possible current address of 4533 Vista Del Monte Ave., #102, Sherman Oaks, CA 91403. *Id.* at 13. It is, accordingly, unclear why service on Defendant Ha was attempted at the Lindell Drive property. Plaintiff's process server merely states in his Affidavit of Due Diligence that the fact that the Lindell Drive property was associated with the last-known address of Defendant Ha was based on "information provided to me[,]" presumably by Plaintiff's counsel. *Id.* at 12.

1  defendant or order that service be made within a specified time....If the plaintiff shows good cause
2  for the failure, the court must extend the time for service for an appropriate period." *Id*. "As a
3  general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel,
4  or ignorance of the Rules of Civil Procedure." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v.*
5  *Monroe*, 2011 WL 383807, *1 (D. Nev. Feb. 2, 2011); *citing e.g., Martin v. Longbeach*, 246 F.3d
6  674 (9th Cir. 2000); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1992) (overruled on other grounds
7  by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)). "At a minimum, good cause
8  means excusable neglect." *Martin*, 246 F.3d at 674.

   Here, Plaintiff has diligently attempted to serve Defendant Makino at his last-known address in Las Vegas, Nevada. Though Plaintiff has been unable to complete service at this address, Plaintiff has located through diligent inquiry, several additional Las Vegas addresses associated with Defendant Makino which may prove fruitful.

   Plaintiff has also unsuccessfully attempted to serve Defendant Ha at his last-known address in Las Vegas, Nevada. Plaintiff's national database inquiry has yielded a potential current California address for Defendant Ha, though Plaintiff has not yet attempted service at this address. Plaintiff should be given the opportunity to serve Defendant Ha at this California address.

   Plaintiff is attempting to enforce a judgment entered following a jury trial in Nevada State Court. As such, Defendants will not be prejudiced by a minimal extension of time. Moreover, Plaintiff has uncovered through diligent records searches additional addresses which may prove efficacious in perfecting service on Defendants. Therefore, the Court finds that good cause exists to extend the time for service as to each Defendant. Plaintiff requests an additional ninety (90) days to complete service. In light of the foregoing facts and Plaintiff's efforts to serve Defendants, the Court grants the requested extension.

   **B.   Service by Publication**

   Rule 4(e)(1) of the Federal Rules of Civil Procedure provides for service upon individuals who may be served "pursuant to the law of the state in which the district court is located, or in which service is effected." *Id*. In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. *Nat'l Union Fire,* 2011 WL 383807. Parties are required

to personally serve a summons and the complaint upon defendants. When personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication where the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." *Id*.

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service." *Id*. Nevada courts consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *Id*.; *citing Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990), *rev'd on other grounds*, *NC-DSH, Inc. v. Garner*, 125 Nev. 647, 651 n.3 (2009); *Abreu v. Gilmer*, 985 P.2d 746 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). The basic rule is that all reasonable means of locating and serving the defendant should be employed. *See Price*, 787 P.2d at 787. In *Abreu v. Gilmer*, the Nevada Supreme Court clarified the due diligence inquiry, stating

> Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, HN5 due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant. As the Utah Supreme Court recognized:
>
> "The diligence to be pursued and shown . . . is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address . . . of the person on whom service is sought. . . . Due diligence must be tailored to fit the circumstances of each case. It is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so."

*Abreu*, 985 P.2d at 749 (quoting *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950)).

Here, Plaintiff discovered Defendant Makino's last-known address and has made twelve unsuccessful attempts to serve him at that address. Plaintiff has also identified at least eight other addresses associated with Defendant Makino, seven of which are located in Las Vegas, but has not attempted service at any of these locations. While it is apparent that Plaintiff's process server has made a good faith effort to locate Defendant Makino at his last-known address, the showing of due diligence required by Nevada law for service by publication has not been met given the failure of

Plaintiff to attempt service on Defendant Makino at any of the additional addresses identified by Plaintiff in its Affidavit of Due Diligence. *See Abreu*, *supra*; Docket No. 11, at 6-10.

With respect to Defendant Ha, Plaintiff's national database search provided a possible current address in Sherman Oaks, California. Plaintiff has stated that it will seek to serve Defendant Ha at this address before servicing by publication. *See* Docket No. 11 at 2. Accordingly, it would be premature for the Court to rule on whether service by publication as to Defendant Ha is warranted at this time.

### III. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that the Motion to Extend Time for Service is hereby **GRANTED**. The Motion for Leave to Serve by Publication is hereby **DENIED** without prejudice.

DATED: April 10, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge