UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FAIRWAY RESTAURANT EQUIPMENT CONTRACTING, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> KAKU MAKINO, et al., <br><br> Defendant(s). | Case No. 2:13-CV-2155 JCM (NJK) <br><br> ORDER |

Presently before the court is a motion to dismiss filed by defendant Kaku Makino (hereinafter "Mr. Makino"). (Doc. # 38). Plaintiff Fairway Restaurant Equipment Contracting, Inc. (hereinafter "Fairway") filed a response, (doc. # 41), and defendant filed a reply, (doc. # 42).

**I.      Background**

This case arises out of a debt owed to Fairway by Makino Premium Outlet LV, LLC (hereinafter "Makino Premium"), a non-party in this matter. The controversy at hands involves an alleged civil conspiracy concerning the actions of several individuals and companies. The court therefore finds that an in depth recitation of the facts is necessary.

Fairway filed suit against Makino Premium in the Eighth Judicial District Court of Clark County, Nevada and obtained a judgment in Fairway's favor on February 28, 2009. (Doc. # 1 p. 4). This unpaid judgment has accumulated to approximately $650,000. On November 22, 2012, Makino Premium filed for Chapter 11 bankruptcy (reorganization) in the midst of its assets being seized pursuant to an execution of Fairway's judgment. (*Id.* at 4). This bankruptcy filing was eventually converted to a Chapter 7 (liquidation).

**James C. Mahan**
**U.S. District Judge**

The thrust of Fairway's claim is that between the judgment being ordered in 2009 and the bankruptcy filings in 2012, the defendants and non-parties in this case transferred Makino Premium's assets to themselves in order to prevent Fairway from collecting its judgment. (*Id.* at 3). Fairway claims that these transfers were made while Makino Premium was insolvent or that these transfers caused the company to become insolvent. (*Id.* at 10).

The defendants in this action include Mr. Kaku Makino, Mr. Joon Ho Ha (hereinafter "Mr. Ha"), and other unnamed individuals and companies. (*Id.* at 2). Beyond these defendants, Fairway identifies a number of non-party individuals and companies who allegedly conspired to transfer Makino Premium's assets.

Makino Premium is owned by Mr. Ha and LV Kitchen, a Nevada limited liability company owned solely by Ms. Masako Ishitsuka, a non-party in this action. (*Id.* at 5–6). Since about 2003, Makino Premium has operated a restaurant in the Premium Outlet Mall in Las Vegas, Nevada, which bore the trade name "Makino" (hereinafter "Makino-Outlet"). (*Id.* at 6).

Mr. Makino, the defendant filing this motion, licensed his name to the Makino-Outlet restaurant. (*Id.*). Fairway describes his role as "chef and manager" of this restaurant. (*Id.*). There is no allegation that Mr. Makino has any ownership interest in Makino-Outlet or Makino Premium.

However, Mr. Makino is the partial owner of another company, which owns the "Makino" trade name and operates a separate Makino-named restaurant in Las Vegas on Decatur Road (hereinafter "Makino-Decatur"). (*Id.*). There is no allegation that Mr. Ha or Ms. Ishitsuka have any ownership interest in this restaurant.

 Beyond the trade name, one known connection between Makino-Decatur and Makino-Outlet/Makino-Premium is Mr. Naoyuki Kuroda, a non-party in this action who manages the operations and finances of both restaurants through his company, Zebra Moon, LLC (hereinafter "Zebra Moon"). (*Id.* at 7). Mr. Kuroda has no ownership interest in either restaurant, but he draws a salary from Makino Premium, the owner of the Makino-Outlet restaurant. Additionally, Makino Premium, Ms. Ishitsuka, her company LV Kitchen, Mr. Kuroda, and his company Zebra Moon share the same business address. (*Id.*).

Furthermore, in the course of managing Makino Premium, Mr. Kuroda deposited Makino Premium's earnings into accounts held by Mr. Kuroda's company, Zebra Moon. (*Id.*). Zebra Moon does not receive funds for any company other than Makino Premium. Mr. Makino is allegedly a signatory on Zebra Moon's bank accounts and has access to them.

In regards to the transfer of funds, Fairway alleges that "Makino Premium made distributions to insiders of cash and marketable securities in the sums of $151,201.00 and $191,803.00" in 2009 and 2010 respectively. (*Id.* at 8).[1] Fairway further alleges that until March 2011, Makino Premium paid Ms. Ishitsuka's monthly home mortgage payments of approximately $8,600 per month. Mr. Makino allegedly lived with her at the time.

Additionally, post-bankruptcy petition, Makino Premium made payments on two cars leased in Mr. Makino's name ($1,800 per month in total). (*Id.*).

Fairway also claims that Zebra Moon used "Makino Premium's funds to pay for insider's (including Makino's) personal debts, such as back taxes, personal guarantees of failed business ventures, and so forth. (*Id.*).

Fairway's complaint asserts four causes of action against all defendants: (1) fraudulent transfers; (2) intentional interference with contractual relations; (3) unjust enrichment; (4) constructive trust; (5) civil conspiracy; and (6) accounting. (Doc. # 1).

Mr. Makino now moves to dismiss this claim for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Doc. # 38).

**II.     Motion to dismiss for lack of subject matter jurisdiction**

Fairway asserts that this court has subject matter jurisdiction over its claim pursuant to 28 U.S.C. § 1332, diversity jurisdiction. For a district court to have diversity jurisdiction under § 1332, parties must be completely diverse and the amount in controversy must exceed $75,000. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

---

[1] The court assumes that Fairway derived these figures from the bankruptcy examiner's report it cites extensively throughout its complaint. (*See* doc. # 1, exh. 1).

**James C. Mahan**
**U.S. District Judge**

- 3 -

"Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). "The sum claimed by the plaintiff controls so long as the claim is made in good faith." *Id.*

Here, Mr. Makino argues that Fairway has failed to set forth facts supporting its assertion that the amount in controversy exceeds $75,000. (Doc. # 38 p. 6).

This argument has no basis. Fairway has clearly stated throughout its complaint that this action is based on the $650,000 in unpaid judgment that the company believes was fraudulently transferred to defendants. (*See, e.g.*, doc. # 1 p. 3). Fairway also names specific transfers of cash and marketable securities that it believes were part of the alleged civil conspiracy, where each individual transfer exceeds $75,000. (*Id.* at 8). Fairway therefore clearly meets the good faith standard for diversity jurisdiction.

Accordingly, the court denies Mr. Makino's motion to dismiss for lack of subject matter jurisdiction.

**III. Motion to dismiss for failure to state a claim upon which relief can be granted**

**A. Legal standard: Fed. R. Civ. P. 12(b)(6)**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

James C. Mahan
U.S. District Judge

- 4 -

*Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**B.     Legal standard: Fed. R. Civ. P. 9(b)**

Plaintiffs alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). However, this heightened standard does not apply only to causes of actions explicitly premised on fraud.

> In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).

Such claims "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997)). Furthermore, "claims of fraud . . . must, in addition to pleading with particularity, also plead

plausible allegations." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

### C. Fairway's claims

Here, Fairway asserts that "[t]his is a case of fraudulent transfers." (Doc. # 1 p. 3). Each of the company's claims stem from its allegation that "[d]efendants caused Makino Premium's assets to be transferred to themselves and others . . . for the purpose of hindering, delaying, or defrauding Fairway as Makino Premium's creditor." (*Id.*). Therefore, the complaint alleges a "unified course of fraudulent conduct" and all the claims must satisfy the particularity requirement of Rule 9(b). *Vess*, 317 F.3d at 1103–04.

The court finds that while Fairway pled with specificity in many portions of its complaint, the plaintiff failed to adequately allege Mr. Makino's role in the fraudulent transfer of Makino Premium's funds. For example, Fairway never alleges that Mr. Makino was one of the "insiders" who received a portion of the $151,201.00 and $191,803.00 distributed in 2009 and 2010 respectively. While Fairway does allege he was one of the insiders who received payments on personal debts, Fairway does not specify when it believes these transfers occurred, what kinds of debts Mr. Makino received payments for, or even an approximate value of funds received. These assertions fall short of "the who, what, when, where, and how of the misconduct charged." *See Vess*, 317 F.3d at 1106 (internal quotation marks omitted).

However, Fairway requests that this court grant it leave to amend its complaint in order to remedy any shortcomings. (Doc. # 41 p. 3).

In federal court, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  In addition to the Rule 15 requirements, the local rules require a plaintiff to file a motion to amend a complaint and attach a "proposed amended pleading." LR 15-1(a). As an initial matter, the court emphasizes that Fairway did not adhere to these procedures. Instead of filing a motion to amend and a proposed amended pleading, Fairway merely added two sentences requesting leave in its response to Mr. Makino's motion to dismiss. (Doc. # 41 p. 3).

Nonetheless, the local rules allow this court to "*sua sponte* . . . dispense with, or waive any of these Rules if the interests of justice so require." LR IA 3–1. The court will therefore consider whether waiving the LR 15-1(a) requirements is warranted in this case.

In making this determination, the court recognizes the drastic imbalance in specificity between the parties' filings. Mr. Makino's motion to dismiss scantly addresses why this court should dismiss each of Fairway's claims. For example, its argument relating to Fairway's fraudulent transfer claim, the crux of plaintiff's complaint, is limited to one conclusory sentence: "Accordingly, as Rule 9 of the Federal Rules of Civil Procedure requires that fraud must be specifically plead, Plaintiff has failed to sufficiently plead recognized theories for which Makino is able to answer as a matter of law." (Doc. # 41 p. 8).

Mr. Makino never discusses Rule 9 in any further detail. Furthermore, he never addresses any of the allegations of fraudulent transfers discussed above. The court notes that this complete lack of analysis, effort, and diligence is an unacceptable practice for a defendant, especially one represented by counsel.

Conversely, Fairway generally provides a high degree of specificity in its complaint, identifying specific sums of money transferred in the alleged civil conspiracy and the means through which the funds were transferred. Fairway merely failed to adequately specify, on information and belief, Mr. Makino's role in the fraudulent transfers and the civil conspiracy as a whole.

The court therefore finds that granting Fairway leave to amend *sua sponte* is in line with the interests of justices. Accordingly, the court grants Fairway leave to amend.

The court will deny Mr. Makino's motion to dismiss as moot, because his motion is based on Fairway's original complaint and the court will grant Fairway leave to amend this complaint.

**James C. Mahan**
**U.S. District Judge**

- 7 -

## IV. Conclusion

Based on the analysis above, the court will deny Mr. Makino's motion to dismiss for lack of subject matter jurisdiction, (doc. # 38). The court will grant Fairway leave to amend its complaint and will therefore deny Mr. Makino's motion to dismiss for failure to state a claim, (*id.*), as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Makino's motion to dismiss for lack of subject matter jurisdiction, (doc. # 38), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Fairway's request for leave to amend its complaint, (doc. # 41 p. 3), is GRANTED.

IT IS FURTHER ORDERED that Fairway file its amended complaint within fourteen days of the date of this order.

IT IS FURTHER ORDERED that Mr. Makino's motion to dismiss for failure to state a claim upon which relief can be granted, (doc. # 38), be, and the same hereby is, DENIED as moot.

DATED April 8, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**