UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FAIRWAY RESTAURANT EQUIPMENT CONTRACTING, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:13-cv-02155-JCM-NJK |
| vs. | ) ) | ORDER DENYING MOTION TO COMPEL |
| KAKU MAKINO, et al., | ) ) | (Docket No. 62) |
| Defendants. | ) ) ) | |

Pending before the Court is Plaintiff's Motion to Compel. Docket No. 62. The Court finds the motion to have a threshold defect that requires that it be **DENIED** without prejudice as discussed more fully below.

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss

1  each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc.*
2  *v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation
3  "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and
4  focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151
5  F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation
6  process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery
7  disputes." *Id*.  This is done when the parties "present to each other the merits of their respective
8  positions with the same candor, specificity, and support during the informal negotiations as during the
9  briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants
10 must file certifications that "accurately and *specifically* convey to the court who, where, how, and when
11 the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D.
12 at 170 (emphasis added).  The Court may look beyond the certification made to determine whether a
13 sufficient meet-and-confer actually took place. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL
14 2558219, *1 (D. Nev. June 10, 2013) (quoting *De Leon v. CIT Small Business Lending Corp.*, 2013 WL
15 1907786 (D. Nev. May 7, 2013)).

16         In this case, Plaintiff's counsel provided no certification with his motion. *See* Docket No. 62.
17 In the body of his motion, he briefly discusses a meet and confer effort. *Id*., at 2-3.  Counsel states that
18 he engaged in a telephonic conference with Defendant Kaku Makino's counsel on July 17, 2015,
19 regarding Defendant's discovery responses. *Id*., at 2.  At the end of the telephonic conference - the
20 contents of which are not discussed, other than a very general statement about Plaintiff's concerns as
21 listed in a letter - Plaintiff states that Defendant's counsel represented he would look over Plaintiff's
22 concerns and get back in touch with Plaintiff's counsel after doing so. *Id*., at 3.  It appears that
23 Plaintiff's counsel waited for a response from Defendant's counsel and never tried to contact him again.
24 Having not heard back from Defendant's counsel, Plaintiff's counsel filed the instant motion. *Id*.  The
25 Court finds that this does not constitute an appropriate meet and confer, as the parties never spoke about
26 the issues again after Defendant's counsel said he would look into the concerns raised.  Additionally,
27 Plaintiff's counsel's brief discussion of the July 17, 2015, telephone call fails to "accurately and
28 specifically convey to the court who, where, how, and when the respective parties attempted to

1 personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170. Therefore, the movant has
2 failed to certify that a good faith meet-and-confer was conducted prior to the filing of the motion to
3 compel. *See* Docket No. 62 at 2-3.
4       Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.
5       IT IS SO ORDERED.
6       DATED: September 1, 2015.

                              _____
                              NANCY J. KOPPE
                              United States Magistrate Judge