**HOFLAND & TOMSHECK**
Bradley J. Hofland, Esq.
Nevada Bar Number: 6346
bradh@hoflandlaw.com
228 South 4th Street, 1st Floor
Las Vegas, Nevada 89101
(702) 895-6760
*Attorneys for Defendant, Kaku Makino*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FAIRWAY RESTAURANT EQUIPMENT CONTRACTING, INC. <br><br> Plaintiff, <br><br> vs. <br><br> KAKU MAKINO, JOON HO HA, DOE DEFENDANTS 1through 10 and ROE ENTITIES 1 through 10 <br><br> Defendants. | Case No.:  2:13-cv-02155-JCM-NJK <br><br><br> **AS AMENDED, PAGES 2, 3-4** |

## <u>STIPULATION AND PROTECTIVE ORDER</u>

Plaintiff Fairway Restaurant Equipment Contracting, Inc. ("Fairway") and Defendants Kaku Makino and Joon Ho Ha ("Defendants) hereby tender to the Court this Stipulation and Protective Order.  In this connection, Plaintiff and Defendants (the "Parties") hereby stipulate and agree as follows:

    1.    <u>Purpose</u>. The contents of private financial, proprietary, and/or related information pertaining to the parties are deserving of protection under FRCP 26(c).  This protective order is intended to govern the use and dissemination of this confidential information, which may contain or be referenced in all documents and

discovery material produced by the parties, whether informally or formally, in response to interrogatories, requests for admissions, or requests for production, or obtained by or submitted to the parties, the Court, or both through affidavit, record or other testimony, deposition, or otherwise.

2.    Definition of "Confidential Information". "Confidential information" shall include any and all information relating to the parties' financial, proprietary, and/or related information.  When documents are produced in discovery and/or pursuant to FRCP 26(a), they may be designated as confidential by Bate Number. In addition, all confidential documents shall be marked "CONFIDENTIAL" in a conspicuous place on the face of each page of the document.

3.    Qualified Persons to Review Confidential Information. Confidential information produced pursuant to this Order may be disclosed or made available only to the persons set forth below (collectively "Qualified Persons"):

(A)    the ~~Judge and Magistrate~~ District Judge and Magistrate Judge (and their respective staff) in connection with this action;

(B)    counsel for any party and their support staff;

(C)    any other person with the prior written consent of the party designating the information as confidential, provided they agree to keep confidential information confidential and comply with the terms of this Order;

(D)    experts, provided they agree to keep confidential information confidential and comply with the terms of this Order, and

(E)    the parties themselves.

4.    Dissemination of Confidential Information.  Prior to delivering any information controlled by this document to persons designated in Paragraphs 3(C) or 3(D) above, the person(s) to be provided the information shall be provided with a copy of this Order and shall execute a Declaration in the form of Exhibit "A" to this

Order, wherein they agree to comply with the terms of this Order. Counsel for the parties shall maintain a file of all declarations signed by person(s) to whom confidential information has been given.

5. <u>Enforcement of Order</u>.  Any party attempting to enforce this Order will be entitled to its attorneys' fees and costs from any party in violation of this Order if the Court finds that the party acted in knowing violation of the Order. If it is determined that there is no violation of the Order, then the party charged with violating the Order shall recover its attorneys' fees and costs, incurred in opposing the motion, from the party seeking to enforce the Order.

6. ~~Use of Confidential Information in Court.~~  ~~In any and all court proceedings, including without limitation, pleadings, depositions, hearings, and trial, the parties shall use confidential information only in a manner that is allowed under this Order, the Federal Rules of Civil Procedure, and the Court's Local Rules.  In the~~ **See order issued concurrently herewith** ~~ent that any confidential information is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, or other paper filed in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such confidential information shall take all reasonable steps to maintain its confidentiality during such use.  All portions of briefs, pleadings or other filings with the Court, which incorporate or disclose confidential information, shall be appropriately filed under seal, according to the rules and procedures of the Court for such filings.  The person filing any such document shall inform the recipient in writing that all or a portion designated thereof is subject to this Order and is to be kept under seal, except that, upon default of the filing party to so designate, any party may do so. Such confidential information shall be kept under seal until further order. A duplicate copy thereof~~

3

~~(with the confidential information deleted therefrom) may be placed in the public record—if any.~~

7.  <u>Future Motions or Applications to Court Not Prohibited</u>.  This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion for a separate protective order as to any particular documents or information, including restrictions differing from those specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

8.  <u>Use By The Parties</u>.  Nothing in this Order shall prevent or limit the parties from using or disclosing their own confidential information, and information or documents derived therefrom, for any purpose, and the parties shall take all steps required by this Order to maintain their confidentiality during such use.

9.  <u>Inadvertent Production</u>.  If a party inadvertently produces or discloses any confidential information without making it with the appropriate legend, it may give notice to the receiving party that the information should be treated in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question.  The receipt of such confidential information by any individual or entity shall not be deemed a waiver of confidentiality, and such designation of confidentiality may be made as soon as possible after the discovery of the inadvertent production or disclosure.

10.  <u>Limited Effect of Order</u>. This Order is entered solely for the purpose of facilitating the parties' exchange of documents and information in this action without involving the Court unnecessarily in the process. Nothing in this Order, the production of any information or documents under the terms of this Order, or any

4

proceeding pursuant to this Order shall be deemed to have the effect of an admission or waiver by the parties regarding the confidentiality or non-confidentiality of any such document, thing, or information.

11. <u>Termination of Action</u>. This Order shall survive the final termination of this action, and the parties agree that the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, all documents, materials, and deposition transcripts designated as containing confidential information and all copies of the same, but not including any derivative materials protected by the attorney-client privilege or work product doctrine, shall be returned to the attorneys of records for the producing party, or at the producing party's option, destroyed by counsel for the receiving party.  In the case where the latter option is used, within thirty (30) days of the conclusion of this or any subsequent action or claim arising out of this action, counsel for the receiving party shall notify counsel for the producing party by written declaration signed by counsel under penalty of perjury that such destruction has taken place. The provisions of this Order, insofar as they restrict the disclosure, communication of, and use of, confidential information, shall continue to be binding after the conclusion of this action or any potential claim arising out of this action. The failure by any party or by its counsel to comply with the terms of this Order shall subject such party or its counsel to sanctions, as well as other disciplinary sanctions as the Court may order.

12. <u>Entire Agreement and Stipulation</u>. This Order sets forth the entire agreement, stipulation, and understanding between the parties with respect to the use of

///

///

///

5

confidential information in this action and supersedes any prior contemporaneous agreement between the parties.

IT IS SO STIPULATED.

Dated:  11/6/15                                      Dated:  11/6/15
**CALLISTER & FRIZELL**                             **HOFLAND & TOMSHECK**

By: */s/ R. Duane Frizell*_____                   By: */s/ Bradley J. Hofland*_____
R. DUANE FRIZELL, ESQ.                              BRADLEY J. HOFLAND, ESQ.
Nevada Bar No: 9807                                 Nevada Bar No.: 6343
8275 S. Eastern Ave., Suite 200                     228 South 4th Street, 1st Floor
Las Vegas, NV 89123                                 Las Vegas, Nevada  89101
*Attorneys for Plaintiff*                           *Attorneys for Defendant, Kaku Makino*

Dated:  11/6/15
**JEFFREY A. COGAN, ESQ. LTD.**

By: */s/ Jeffrey A. Cogan*_____
JEFFREY A. COGAN, ESQ.
Nevada Bar No. 4569
6900 Westcliff DR., Ste 602
Las Vegas, NV 89145
*Attorneys for Defendant Joon Ho Ha*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:_ November 9, 2015 _____
CASE NO.: 2:13-cv-02155-JCM-NJK

Submitted by:
**HOFLAND & TOMSHECK**

By: */s/ Bradley J. Hofland*_____
BRADLEY J. HOFLAND, ESQ.
Nevada Bar No.: 6343
228 South 4th Street, 1st Floor
Las Vegas, Nevada  89101
*Attorneys for Defendant, Kaku Makino*

6

**EXHIBIT "A"**

**DECLARATION**

STATE OF _____   )
                               )   ss.
COUNTY OF _____   )

    I, _____ [printed name], hereby declare as follows:

    A.    I understand that the information and/or documents to be provided to me marked as "confidential" are subject to a protective order in the federal lawsuit styled *Plaintiff Fairway Restaurant Equipment Contracting, Inc.* v. *Defendants Kaku Makino and Joon Ho Ha*, Case No. 22:13-cv-02155-JCM-NJK, in the United States District Court for the District of Nevada.

    B.    I understand that such information and/or documents constitute confidential information that is to be used only for the purposes of this lawsuit.

    C.    I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than that described above.

    D.    I have read the Stipulation and Protective Order ("Stipulation") entered into in this lawsuit and agree to be bound by its terms.

    E.    I understand that I may not copy or otherwise disseminate any confidential information received by me in the course of this matter in any way not prescribed by the Stipulation.

    F.    I further understand that I must return all copies of confidential information upon request at the conclusion of this lawsuit.

    G.    I hereby agree, stipulate, and subject myself to the jurisdiction of the United States District Court for the District of Nevada with regard to any proceedings to enforce the terms of the Stipulation against me, whether by way of civil action, injunction, monetary damages, or otherwise.

    H.    I declare under penalty of perjury of the laws of the United States and of the State of Nevada that the foregoing is true and correct.

_____
Printed Name

_____
Signature

    SUBSCRIBED and SWORN to before me in person this _____ day of _____, 20_____.

_____
A Notary Public in and for
said County and State

_____
My Commission Expires

7