UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FAIRWAY RESTAURANT EQUIPMENT CONTRACTING, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> KAKU MAKINO, et al., <br><br> Defendant(s). | Case No. 2:13-CV-2155 JCM (NJK) <br><br> ORDER |

Presently before the court is defendant Kaku Makino's ("Mr. Makino") motion to dismiss the first amended complaint (doc. # 53) for lack of subject matter jurisdiction and standing. (Doc. #55). Plaintiff Fairway Restaurant Equipment Contracting, Inc. ("Fairway") filed a response (doc. # 59), and Mr. Makino filed a reply. (Doc. #60). Mr. Makino additionally requests that this court take judicial notice of the related state and bankruptcy court proceedings affixed to his motion. (Doc. #56).

**I. Background**

Fairway filed suit against Makino Premium Outlet LV, LLC ("Makino Premium"), a nonparty to this case, in the Eighth Judicial District Court of Clark County, Nevada, and obtained a judgment in Fairway's favor on February 28, 2009. (Doc. # 55 at 4). This unpaid judgment has allegedly accumulated to approximately $650,000.[1] On November 22, 2012, Makino Premium filed for Chapter 11 reorganization, case no. BK-S-11-28137, in the midst of its assets being seized

---

[1] The court notes however that the judgement as to Makino Premium was discharged in accordance with the confirmation plan in the bankruptcy case discussed *infra. See* 11 U.S.C. § 524(a); (Doc. # 55-1, ¶ 15.3).

**James C. Mahan**
**U.S. District Judge**

pursuant to execution of Fairway's judgment. (*Id.* at 4). On May 23, 2013, Makino Premium's plan of reorganization in the bankruptcy case was confirmed. (Doc. # 55 at 3).

The thrust of Fairway's claim is that between the judgment being ordered in 2009 and the bankruptcy filings in 2012, the defendants and nonparties in this case transferred Makino Premium's assets to themselves and others in order to prevent Fairway from collecting its judgment. (*Id.* at 3). Fairway claims that these transfers were made while Makino Premium was insolvent or that these transfers caused the company to become insolvent. (*Id.* at 10).

The defendants in this action include Mr. Kaku Makino, Mr. Joon Ho Ha ("Mr. Ha"), and other unnamed individuals and companies. (*Id.* at 2). Beyond the defendants, Fairway identifies a number of nonparty individuals and companies who allegedly conspired to transfer Makino Premium's assets.

On November 21, 2013, Fairway filed suit against defendants alleging six causes of action against all defendants: (1) fraudulent transfers; (2) intentional interference with contractual relations; (3) unjust enrichment/quantum meruit; (4) constructive trust; (5) civil conspiracy/concert of action; and (6) accounting. (Doc. # 1).

On April 8, 2015, this court denied Mr. Makino's first motion to dismiss having found that Fairway set forth facts supporting its assertion that the amount in controversy exceeded $75,000. (Doc. # 52). This court also granted Fairway leave to amend its complaint, and, therefore, denied as moot Mr. Makino's motion to dismiss for failure to state a claim. (*Id.*).

On April 27, 2014, Fairway filed its first amended complaint asserting the same six causes of action contained in the original complaint. (Doc. # 53). Mr. Makino now moves to dismiss Fairway's claims pursuant to Federal Rule of Civil Procedure ("rule") 12(b)(1) for lack of standing. (Doc. # 55).

**II. Legal Standard**

The theory of claim splitting bars a party from subsequent, duplicative litigation where the "same controversy" exists. *See, e.g.*, *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) (quoting *Nakash v. Superior Court*, 196 Cal. App. 3d 59, 241 Cal.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Rptr. 578 (Ct. App. 1987)). Claim splitting, unlike *res judicata*, does not require a final judgment on the merits in the prior case. *Id.* at 1058.

"District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."" *Adams v. California Dep't of Health Servs*., 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *See id.*

**III. Discussion**

   *A. Fairway is precluded from bringing a fraudulent transfer action*

Mr. Makino asserts that Fairway lacks standing to bring a claim for fraudulent transfer because any such claim against Makino Premium or its insiders is property of the bankruptcy estate in the prior bankruptcy action.[2] The court finds that regardless of any jurisdictional standing issue, Fairway is precluded from bringing any fraudulent transfer action under state or federal law by the Bankruptcy Code and the confirmed plan.

In Makino Premium's bankruptcy case, the plan of reorganization in its Chapter 11 case (the "plan") specifies that "the [d]ebtor and [t]rustee will be deemed to have transferred to the Creditor Trust the exclusive right to enforce any and all claims and causes of action . . . that arose before or after the [p]etition [d]ate including . . . all avoidance powers . . . under [the] Bankruptcy Code." Those avoidance powers of course include both the powers conferred by the Bankruptcy Code and those provided by state law. *See* 11 U.S.C. §§ 544(b) and 548; (doc. # 55-1 at 16). As of confirmation, the claims became property of the creditor trust under the plan.

Plaintiff concedes that the statutes and plan provision preclude it from bringing a fraudulent transfer action on behalf of Makino Premium, but continues to argue that this does not preclude it from bringing its own claims against non-debtors under Nevada law. The plan does, however,

---

[2] Mr. Makino also argues that Fairway's claims should be dismissed for lack of subject matter jurisdiction because the claims do meet the amount in controversy requirement. Because the court dismisses Fairway's claims on other grounds, the order does not address those arguments.

preclude such an action. Once a bankruptcy estate has been established, certain property of the debtor, such as a fraudulent transfer avoidance claim, are committed to the estate and the trustee's discretion whether the claims arise under Title 11 or state law. *See* 11 U.S.C. § 541. According to the debtor's plan, that property is held in the creditor trust after confirmation for the benefit of *all* creditors and is subject either to distribution in accordance with the plan or retention by the liquidating trustee. (*See* doc. # 55-1 at 16). Because any fraudulent transfer claims against debtors *or* non-debtors became part of the bankruptcy estate pre-confirmation and were committed to the creditor trust post-confirmation, Fairway is effectively precluded from bringing those claims. *Id.*

### B. Impermissible claim splitting

The court finds that plaintiff's attempt to bring a fraudulent transfer and related tort claims outside of Makino Premium's bankruptcy case against non-debtor defendants after plan confirmation constitutes impermissible claim splitting. *See Single Chip Sys. Corp.*, 495 F. Supp. 2d at 1057. Plaintiff's original and amended complaints initiate subsequent litigation over the "same controversy" existing in the bankruptcy case. Plaintiff's state law tort causes of action are duplicative of the fraudulent transfer claims.

Here, at the time of filing of the original complaint on November 21, 2015, no final judgment on the merits existed from the bankruptcy litigation because neither the trustee nor any creditor pursued a fraudulent transfer claim to adjudication on its merits. (*See* doc. # 55-1 at 29). At the time this suit was filed, Fairway still had the opportunity to petition the bankruptcy court for permission to bring such an action on behalf of the estate if the trustee wrongfully refused to bring an avoidance action. *See, e.g.*, *In re Curry & Sorensen, Inc.*, 57 B.R. 824, 828 (B.A.P. 9th Cir. 1986). Nevertheless, neither the trustee nor Fairway brought such an action.

That being the case, the court must decide whether a final adjudication of a fraudulent transfer action in the bankruptcy case would preclude Fairway from bringing the instant suit. "[T]he true test of the sufficiency of a plea of "other suit pending" in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as "the thing adjudged," regarding the matters at issue in the second suit." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th

James C. Mahan
U.S. District Judge

- 4 -

Cir. 2007) (citing *United States v. The Haytian Republic*, 154 U.S. 118, 125, 14 S. Ct. 992, 994, 38 L. Ed. 930 (1894)).

To determine whether a suit is duplicative, courts in the Ninth Circuit borrow from the test for claim preclusion. *Id.* at 689. "We examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.*; *see also Phillips v. Salt River Police Dep't,* 586 F. App'x 381 (9th Cir. 2014).

### 1. Same Causes of Action

To decide whether successive causes of action are the same, the court must apply the transaction test: "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 870 (9th Cir. 1992), as amended (June 23, 1992)). The transaction test requires the court to evaluate four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982).

First, the court finds that the rights and interests of both the debtor and the other creditors in the bankruptcy case would be destroyed or impaired by prosecution of this action. *See id.* The automatic stay provision of 11 U.S.C. § 362(a) protects the interests of one creditor with respect to other creditors by vesting all of a debtor's property, including legal claims, in the estate. *See* 11 U.S.C. § 362(a). In turn, 11 USC § 547 vests the authority to prosecute avoidance actions in the trustee so that any property recovered in such an action becomes property of the estate under 11 U.S.C. § 541, and does not benefit one creditor at the expense of another. *See* 11 U.S.C. §§ 541 and 547. Had a fraudulent transfer action in the bankruptcy case been adjudicated on its merits, the rights and interests of the other creditors, as well as the non-debtor defendants in this action, established in the bankruptcy action would be impaired by prosecution of plaintiff's duplicative tort claims.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Second, the court finds that the evidence presented in the present case is substantially the same as the evidence that would be presented in a proper avoidance action associated with the bankruptcy case. Plaintiff's remaining claims are based on substantially the same allegations of misconduct that its fraudulent transfer claim is built on. Overall, the court finds that the evidence presented in this duplicative action is no different from that which would have been produced in a proper bankruptcy avoidance action.

Third, all of Fairway's tort claims involve infringement of the same right as a fraudulent transfer avoidance action: a creditor's right to repayment free from fraudulent transfers of property structured to avoid that repayment. Fairway attempts to disguise its duplicative fraudulent transfer claim in the robes of tort claims. The gravamen of Fairway's claims, however, is that of an avoidance action to recover allegedly fraudulent transfers. The claims should be treated as such. *See Blotzke v. The Christmas Tree, Inc.*, 499 P.2d 647 (Nev. 1972).

Finally, the same transactional nucleus of facts gives rise to both the present suit and a proper avoidance action in the bankruptcy case. The allegations in Fairway's complaint, with respect to both the fraudulent transfer claims and the state law claims, all relate to allegedly fraudulent transfers caused by Makino Premium insiders prior to the commencement of Makino Premium's bankruptcy case. The facts underlying both suits are related to the same set of alleged transactions in which Makino Premium transferred property to its insiders.

Having considered the foregoing factors, the court finds that plaintiff's suit is based on the same events as a proper bankruptcy avoidance action. Plaintiff's tort claims are related to the same set of facts as a fraudulent transfer action and could be conveniently tried with one. Therefore, applying the transactions test, these are the same causes of action that would be precluded by a final adjudication of the fraudulent transfer claims in the bankruptcy case.

### 2. Same parties or privies

The second determination in assessing whether a second action is impermissibly duplicative is whether the parties or privies to the action are the same. "A person who was not a party to a suit generally has not had a "full and fair opportunity to litigate" the claims and issues settled in that suit." *Taylor v. Sturgell, 553 U.S. 880*, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d

James C. Mahan
U.S. District Judge

155 (2008). In *Taylor*, the Supreme Court states that "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Id.* at 893 (quoting *Hansberry v. Lee*, 311 U.S. 32, 39, 61 S. Ct. 115, 117, 85 L. Ed. 22 (1940)).

The *Taylor* Court enumerates six narrow exceptions to the rule that preclusion only applies to parties and parties by service. *Id.* One such exception in which nonparties qualify as parties for the purpose of claim splitting analysis applies here. In circumstances in which a special statutory scheme "expressly foreclos[es] successive litigation by nonlitigants, as for example in bankruptcy or probate, legal proceedings may terminate preexisting rights if the scheme is otherwise consistent with due process." *Id.* (quoting *Martin v. Wilks*, 490 U.S. 755, 762, n. 2 (1989)).

The Bankruptcy Code, specifically mentioned as an example in *Taylor*, is a special statutory scheme that expressly forecloses successive litigation by nonlitigants. That being the case, the parties to this action fall within that *Taylor* exception. All three parties are therefore subject to the preclusive effect of the prior bankruptcy case as parties or privies to the prior bankruptcy litigation.

**IV. Conclusion**

The court finds that both the Bankruptcy Code and the confirmed plan in the prior bankruptcy case preclude plaintiff from bringing its claims for fraudulent transfer. Further, the filing of plaintiff's complaint after plan confirmation, but before the close of the bankruptcy case, constitutes impermissible claim splitting. The court will therefore dismiss plaintiff's first amended complaint and all claims therein against both defendants.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Kaku Makino's motion to dismiss (doc. # 55) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Fairway Restaurant Equipment Contracting, Inc.'s first amended complaint (doc. # 53) be, and the same hereby is, DISMISSED with prejudice.

DATED December 2, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -